James S. Munak, Esq. Bar# 48382
Attorney At Law
2775 Via De La Valle, Suite 200
Del Mar, CA 92014
Telephone: (858) 509-1067
Facsimile: (858) 755-1639
Attorney For Defendant Golden Eagle Management, LLC

FILED
FEB 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LARRY FEEZOR                                    )
                                                )
            Plaintiff,                          )  Case No. 08 CV 0199 JM  BLM
    vs.                                         )
                                                )  Answer To Complaint
                                                )
SD BELL, INC. dba TACO BELL                     )
#3837; GOLDEN EAGLE                             )
MANAGEMENT, LLC                                 )
                                                )
                                                )
            Defendants                          )
_____)

  Defendant Golden Eagle Management, LLC (hereafter "Defendant"), for itself alone, answers the Complaint of Plaintiff as follows:

  1. Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 1 through 6, inclusive and on that basis denies each of the allegations contained therein.

  2. In answer to Paragraph 7 Defendant admits that it is the property manager of the shopping center for Oceanside Associates, a California general partnership which latter entity is the master ground lessee of the real property upon which the Restaurant is located and that said Oceanside Associates, as lessor, leases said Restaurant premises to Defendant SD Bell, Inc. dba Taco Bell as tenant.

ANSWER TO COMPLAINT                    -1-

3. Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and 9 and on that basis denies each and every allegation contained therein.

4. Defendant denies each and every allegation set forth in Paragraphs 10 through 15.

5. In response to Paragraph 16 Defendant repeats, realleges and incorporates herein by this reference its answer to Paragraphs 1 through 15 as set forth above.

6. Defendant states that the allegations of Paragraph 17 are legal contentions and conclusions that do not require admission or denial.

7. Defendant denies each and every allegation set forth in Paragraph 18.

8. Defendant states that the allegations of Paragraphs 19 and 20 are legal contentions and conclusions that do not require admission or denial.

9. Defendant denies each and every allegation set forth in Paragraphs 21, 22 and 23.

10. Defendant states that the allegations of Paragraph 24 are legal contentions and conclusions that do not require admission or denial.

11. Defendant denies each and every allegation set forth in Paragraphs 25 and 26.

12. Defendant states that the allegations of Paragraph 27 are legal contentions and conclusions that do not require admission or denial.

13. Defendant denies each and every allegation set forth in Paragraph 28.

14. Defendant states that the allegations of Paragraph 29 are legal contentions and conclusions that do not require admission or denial.

15. Defendant denies each and every allegation set forth in Paragraphs 30, 31 and 32 and further denies that Plaintiff is entitled to any of the relief sought.

16. In response to Paragraph 33 Defendant repeats, realleges and incorporates herein by this reference its answer to Paragraphs 1 through 32 as set forth above.

17. Defendant states that the allegations of Paragraphs 34, 35 and 36 are legal contentions and conclusions that do not require admission or denial.

18. Defendant denies each and every allegation set forth in Paragraphs 37, 38 and 39 and further denies that Plaintiff is entitled to any of the relief sought.

19. In response to Paragraph 40, Defendant repeats, realleges and incorporates herein by this reference its answer to Paragraphs 1 through 39 as set forth above.

20. Defendant states that the allegations of Paragraphs 41, 42 and 43 are legal contentions and conclusions that do not require admission or denial.

21. Defendant denies each and every allegation set forth in Paragraphs 44, 45, 46 and 47 and further denies that Plaintiff is entitled to any of the relief sought.

22. In response to Paragraph 48, Defendant repeats, realleges and incorporates herein by this reference its answer to Paragraphs 1 through 47 as set forth above.

23. Defendant states that the allegations of Paragraphs 49, 50 and 51 are legal contentions and conclusions that do not require admission or denial.

24. Defendant denies each and every allegation set forth in Paragraph 52 and further denies that Plaintiff is entitled to any of the relief sought.

For a further, separate answer in defense to the Complaint and to each and every alleged cause of action contained therein, Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

25. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Mitigation Of Damages)

26. Plaintiff has failed and refused, and continues to fail and refuse, to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish the damages, if any, suffered and Plaintiff is barred from any recovery of such damage, if any.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

27. Plaintiff has unreasonably delayed in the filing of this action and Plaintiff is thereby barred by the doctrine of laches from any relief whatsoever.

### FOURTH AFFIRMATIVE DEFENSE
(Contributory Negligence)

28. Plaintiff, by his actions and conduct, has failed to exercise reasonable care and diligence on his own behalf, thereby causing or contributing to his alleged damages and Plaintiff's recovery against Defendant, if any, must be reduced by the proportion of damages caused by Plaintiff's own acts and conduct.

## FIFTH AFFIRMATIVE DEFENSE
### (Negligence Of Others)

29. To the extent Plaintiff has suffered any damages as alleged in the Complaint, the damages were caused by the negligence or fault of persons and entities other than Defendant and Plaintiff's right of recovery from Defendant, if any, must be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE
### (Damages)

30. Plaintiff has not suffered any damages as a result of any actions taken by Defendant or their agents, and Plaintiff is thus barred from asserting any cause of action against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

31. Plaintiff, by hisconduct, is estopped from pursuing any remedies against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

32. Plaintiff, through his conduct, has voluntarily and knowingly waived and relinquished any rights Plaintiff may have to seek the relief alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Removal Not Readily Achievable)

33. Removal of any structural architectural and/or structural communications barriers is not readily achievable because removal is not easily accomplishable and able to be carried out without much difficulty or expense.

## TENTH AFFIRMATIVE DEFENSE
### (Undue Hardship)

34. Methods of accommodation other than physical alterations would impose an undue burden upon Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reservation Of Other Affirmative Defenses)

35. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defense available and Defendant reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by reason of the Complaint and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded costs of suit, including reasonable attorneys' and experts' fees, incurred in defense of this action; and

3. For such other relief as the Court deems just and equitable.

Dated: February 27, 2008

_____
JAMES S. MUNAK
Attorney for Defendant
Golden Eagle Management, LLC

ANSWER TO COMPLAINT         -5-

## PROOF OF SERVICE

I declare that I am over 18 years of age and that I am not a party to this action. My business address is 2775 Via De La Valle, Suite 200, Del Mar, California 92014.

On February 27, 2008 I served the foregoing Answer To Complaint on the following:

| | |
|---|---|
| Lynn Hubbard, III | Michael D. Fabiano |
| Disabled Advocacy Group, APLC | Mazzarella, Caldarelli LLP |
| 12 Williamsburg Lane | 550 West C Street, Suite 700 |
| Chico, CA 95926 | San Diego, CA 92101 |

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the document referred to above was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the document referred to above was placed into an envelope and the envelope was sealed and addressed as set forth above and, with postage thereon fully prepaid, the envelope was placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Diego, California.

I declare under penalty of perjury under the laws of the State Of California that the foregoing is true and correct.

Executed February 27, 2008 at Del Mar, California.

JAMES S. MUNAK

Proof Of Service                                                                                    -1-